Filed 5/20/21  P. v. Morris CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>　　　Plaintiff and Respondent,<br><br>　　　　　v.<br><br>MATTHEW ALAN MORRIS,<br><br>　　　Defendant and Appellant. | F080625<br><br>(Super. Ct. No. F18900333)<br><br><br>**OPINION** |

-ooOoo-

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Fresno County.  Heather Mardel Jones, Judge.

Erica Lynn Gambale, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

[*]　　Before Poochigian, Acting P.J., Smith, J. and De Santos, J.

Appointed counsel for appellant Matthew Alan Morris asked this court to review the record to determine whether there are any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).) Morris was advised of his right to file a supplemental brief within 30 days of the date of filing of the opening brief. To date, we have not received a supplemental brief from him. Finding no arguable error that would result in a disposition more favorable to Morris, we affirm. We will remand this case back to the lower court for the correction of errors in the abstract of judgment.

## BACKGROUND

On January 18, 2018, the Fresno County District Attorney's Office filed a criminal complaint charging Morris with one count of receiving stolen property in violation of Penal Code section 496d, subdivision (a). The complaint further alleged a prior strike conviction (Pen. Code,[1] §§ 667, subds. (b)-(j), 1170.12, subds. (a)-(d)), and two prior prison term enhancements (§ 667.5, subd. (b)).

On December 7, 2018, following an indicated sentence by the trial court, Morris entered an open plea of no contest to the charged offense and he admitted the prior strike allegation and prior prison term enhancements. The trial court stated sentencing would be postponed six months for Morris to complete a drug treatment program through WestCare, a treatment facility in which he was already enrolled. Upon successful completion of the program and assuming Morris obeyed all laws, the trial court would reduce Morris's conviction to a misdemeanor and he would receive no additional time in custody. The trial court also stated it would strike Morris's prior strike pursuant to *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497. The People did not object to the trial court's indicated sentence.

On December 8, 2018, 11 days after he began the WestCare treatment program, Morris discharged himself. At the time he absconded, he was on a grant of post-release

---

[1] All statutory citations are to the Penal Code unless otherwise indicated.

2.

community supervision. Morris's probation officer was unable to reach him for a period of time.

In May 2019, Morris was arrested for shoplifting.

On November 12, 2019, Morris asked the trial court to relieve appointed counsel pursuant to *People v. Marsden* (1970) 2 Cal.3d 118 (*Marsden*), and to appoint him new counsel. Following a confidential hearing, his motion was denied.[2]

On January 10, 2020, the trial court sentenced Morris to a prison term of four years. He received the middle term of two years, doubled to four years pursuant to his prior strike conviction. In declining to exercise its discretion to strike the prior strike, the trial court stated it had considered letters written by Morris and his spouse, motions filed by the parties, and the sentencing report. The trial court stated that while Morris's prior conviction had occurred in 2002, it did not find the conviction too remote in time in proximity to the current offense, and found the prior conviction was relevant in light of Morris's overall criminal history.

The trial court struck both prior prison term enhancements, referencing the enactment of new legislation. In addition, the trial court imposed various fines and fees. With respect to Morris's PRCS case (case No. F15907254), the trial court terminated PRCS and sentenced him to 180 days.

On January 13, 2020, Morris filed a timely notice of appeal. His request for a certificate of probable cause was denied by the trial court. Morris did not file a petition

---

**2**     At the *Marsden* hearing, Morris claimed he was under the influence of drugs at the time he entered his plea. The trial court questioned Morris and his defense counsel about Morris's claim, but ultimately concluded there were insufficient grounds to grant the motion. Although Morris represented that he wanted to withdraw his plea and was given additional time to discuss this possibility with defense counsel, Morris ultimately declined to do so. At no point during the criminal proceedings below did Morris attempt to withdraw his plea on any grounds.

for writ of mandate challenging the trial court's denial of his request for a certificate of probable cause.

## DISCUSSION

Morris's appellate counsel filed a *Wende* brief with this court. The brief also included the declaration of appellate counsel stating that Morris was advised he could file his own brief with this court. By letter on July 24, 2020, we invited Morris to submit a letter containing "any grounds on appeal that [he] want[ed] this court to consider." To date, he has not done so. After independent review of the record, we find that no reasonably arguable factual or legal issues exist. We do however find that the abstract of judgment must be amended.

Section 4 of the abstract of judgment was not completed. Morris was sentenced to a four-year term in state prison after the trial court declined to strike his prior strike conviction. Thus, section 4 stating he was sentenced "per PC 667(b)-(i) or PC 1170.12 (strike prior)" should be checked.

In addition, section 5 of the abstract of judgment fails to state that victim restitution (§ 1202.4, subd. (f)) was ordered in an amount "to be determined." The trial court should amend the appropriate boxes within this section to reflect the trial court's order concerning victim restitution.

## DISPOSITION

The judgment of conviction is affirmed.

The trial court is directed to amend the abstract of judgment by (a) checking the box in section 4 of the form to show Morris was sentenced based upon his prior strike conviction, and (b) checking the box in section 5 indicating that victim restitution was ordered in an amount to be determined. The trial court is further directed to transmit certified copies of the amended abstract to all appropriate parties and entities.